Frank F. Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 2138-68.
United States Tax Court
T.C. Memo 1969-97; 1969 Tax Ct. Memo LEXIS 203; 28 T.C.M. (CCH) 534; T.C.M. (RIA) 69097; May 14, 1969, Filed Frank F. Johnson, pro se, 1 Lake Shore Dr., Lake Secor, Mahopac, N. Y. Wallance Musoff, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's income tax for the year 1966 in the amount of $132, based upon disallowance of a dependency exemption deduction claimed by petitioner for his son, Kraig, for the year in issue under section 151(a) and (e)(1) of the Internal Revenue Code of 1954. [1]
*204 Petitioner, Frank F. Johnson, resided at Lake Secor, Mahopac, New York, at the time his petition herein was filed. His income tax return (joint) for the taxable year in issue was filed with the district director of internal revenue, Albany district, New York. Petitioner was formerly married to Barbara Johnson, from whom he was divorced in March 14, 1952. Their son, Kraig Johnson, was born November 18, 1949, and consequently was 16 and 17 years old during the year in issue. 535 During 1966 and for a number of years prior thereto, Kraig and his mother lived in Danbury, Connecticut, and Kraig attended the Danbury High school. During these years petitioner contributed $120 per month ($1,440 each year) toward Kraig's support but he had little communication with them. As put by petitioner on the witness stand, "I have never had any civil communication from his mother * * *." For the several years preceding the year in issue, it was petitioner's practice to claim Kraig as a dependent, and when such claim was questioned on audit he would simply stop his monthly remittances for Kraig's support and a short time thereafter Barbara Johnson would furnish a statement which satisfied *205 respondent's auditors and petitioner's return would be accepted as filed. Petitioner's 1966 return was being audited early in 1968 and following his previous practice petitioner stopped his monthly remittance for Kraig's support in March 1968 but this time no statement of any kind was forthcoming from Barbara Johnson and at the time of trial herein petitioner had not resumed his monthly remittances. Section 151(a) and (e)(1) allow an exemption deduction of $600 for each dependent as defined in section 152 which section provides in pertinent part: the term "dependent" means * * * over half of whose support, for the calendar year * * *, was received from the taxpayer * * * Petitioner was cautioned at the trial herein that under these sections it was his burden to establish not only what amount he contributed toward Kraig's support during the year in issue but that he must also show in some way that that amount exceeded one-half of Kraig's total support for such year. ( Aaron F. Vance, 36 T.C. 547, 549 (1961)). Petitioner stated that he understood this but was simply asking the Court to consider it unreasonable "that Kraig would have cost more than $3,000 in the year *206 1966." Respondent does not question, and we find as a fact, that petitioner contributed $1,440 toward Kraig's support in 1966. However, the record is devoid of any evidence that this amount constituted over half of Kraig's support (section 152). Kraig became 17 during the year in issue and petitioner admitted that it was reasonable to infer that he had become employed during such year in view of the fact that the stopping of his monthly remittances in March 1968 had not elicited the usual response. Petitioner's contributions for Kraig's support in 1966 were not inconsiderable and we have much sympathy for his position, but he has been unable to give us any material information in this record concerning Kraig's manner of living, contributions toward his support by others or even whether he was employed part or full time during any part of the year in issue. Consequently, on this record we must hold that petitioner has failed his burden of proof. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩